AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
)   Case No. 8:24-MJ-00015-DUTY
A black 2016 Kia Optima with California license )
plate #N282F0 and Vehicle Identification Number )
5XXGW4L24GG022321 )
)
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   <u>January 17, 2024 at 4:40 PM Pacific</u>     _____*Karen E. Scott*_____
                                                                          Judge's signature

City and state:   <u>Santa Ana, California</u>     <u>Honorable Karen E. Scott, United States Magistrate Judge</u>
                                                              *Printed name and title*

AUSA:   <u>N. Kiss (x3539)</u>

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

# Return

| Case No.: 8:24-MJ-00015-DUTY | Date and time warrant executed: Not Executed | Copy of warrant and inventory left with: N/A |
|---|---|---|

Inventory made in the presence of: NO INVENTORY

Inventory of the property taken and name of any person(s) seized:

Vehicle was not located & search warrant was not executed.

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 2/5/24

Executing officer's signature

L. Robe   Postal Inspector
Printed name and title

**ATTACHMENT A-2**

**VEHICLE TO BE SEARCHED**

1. The vehicle to be searched is a black 2016 Kia Optima with California license plate #N282F0 and Vehicle Identification Number 5XXGW4L24GG022321. The vehicle is registered to Sara Wilhoit at 84 Meridian Drive, Aliso Viejo, CA 92656.

**ATTACHMENT B**

**I.    ITEMS TO BE SEIZED**

1.    The items to be seized are the evidence, contraband, fruits, or instrumentalities of violations of Title 18 U.S.C. § 1708 (Possession of Stolen Mail); and 18 U.S.C. § 1704 (Stolen USPS Locks) (collectively, the "SUBJECT OFFENSES") from the SUBJECT PREMISES, namely:

   a.   United States mail or mail matter, whether opened or unopened, that is addressed to any person other than residents of the SUBJECT PREMISES.

   b.   Data, records, or information pertaining to obtaining, possessing, using, or transferring personal and/or financial transaction identification information for persons other than residents of the SUBJECT PREMISES, such as names, addresses, phone numbers, credit and debit card numbers, security codes, bank account and other financial institution account numbers, Social Security numbers, email addresses, IP addresses, and PIN numbers and passwords for financial institutions or internet service providers (collectively, "identity information").

   c.   Data, records, or information reflecting or referencing purchases using unauthorized identity information, such as purchases of merchandise, securities, electronic currency, gift cards, and other items of value.

   d.   Software, devices, or tools used to obtain, create, or use counterfeit or unauthorized checks, coupons, or access devices such as credit, debit, bank, and gift cards.

e.  Any documents or records relating to any bank accounts, credit card accounts, or other financial accounts of persons other than residents of the SUBJECT PREMISES;

f.  Any documents or records containing personal identifying information for persons other than residents of the SUBJECT PREMISES, such as Social Security numbers, dates of birth, addresses, bank account numbers, driver's license numbers, and credit card numbers;

g.  Any documents or records, including receipts, invoices, bank statements, and credit card statements, evidencing the purchase of any products or services using altered, counterfeit, or fraudulent checks, access devices, or other monetary instruments;

h.  Any products, goods, or merchandise purchased with fraudulent checks or counterfeit or unauthorized access devices;

i.  Any altered, counterfeit, or fraudulent identifications, checks, access devices, monetary instruments, or other official documents;

j.  Any identifications, checks, access devices, monetary instruments, or other official documents that are not addressed to, or in the names of, any person identified as a resident of the SUBJECT PREMISES;

k.  Any tools or equipment, including, but not limited to printers, scanners, embossing machines, credit card readers or encoders, washing chemicals, or imprinting tools, used or intended to be used, to alter, counterfeit, or create

fraudulent checks, access devices, or other monetary instruments;

l.  Any tools ore equipment used to damage or steal USPS locks, or to break into neighborhood collection box units, USPS collection boxes, and/or panel mailboxes.

m.  Records of off-site storage locations, including safe-deposit box keys, records, receipts, or rental agreements for storage facilities;

n.  Records, including photographs, of Postal arrow keys and any evidence of a partially made or already completed arrow key;

o.  Documents sufficient to demonstrate occupancy, residency, or ownership of the SUBJECT PREMISES, not to exceed ten items, including, but not limited to:  forms of personal identification, utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease of rental agreements, addressed envelopes, escrow documents, keys, letters, mail, canceled mail envelopes, and surveillance video.

p.  Cryptocurrency and related records and items, such as those referring or relating to public or private keys or addresses, or cryptocurrency wallets or their parts, including "recovery seeds" or "root keys" which may be used to regenerate a wallet.  Seizure of the cryptocurrency wallets will be accomplished by transferring or copying them to a public cryptocurrency address controlled by the United States, or by restoring them onto computers controlled by the United States.

q. Documents and records dated from April, 2023 to the present showing electronic and telephone contacts, numbers called to or from, and email addresses contacted, such as SIM cards, address books, call histories, telephone bills, and records of use of applications such as ICQ and Telegram;

2. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the SUBJECT OFFENSES, and forensic copies thereof.

3. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized, the following items for the time period from the time the things described in this warrant were created, edited, or deleted to the present:

a. evidence of who used, owned, or controlled the device;

b. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the attachment of other devices;

d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

e. evidence of the times the device was used;

f. applications, programs, software, documentation, manuals, passwords, keys, and other access devices that may be

necessary to access the device or data stored on the device, to run software contained on the device, or to conduct a forensic examination of the device;

      g.   records of or information about Internet Protocol addresses used by the device.

4. As used herein, the terms "records," "information," "documents," "programs," "applications," and "materials" include records, information, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

5. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. SEARCH PROCEDURE FOR DIGITAL DEVICES

6. In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

   a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site, or create a forensic image(s) of the device(s) on-site or seize the device(s) and then transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

   b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

      i. The search team may subject all of the data contained in each digital device or image thereof capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the scope of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of items to be seized.

Case 8:24-mj-00015-DUTY Document 3 Filed 02/05/24 Page 10 of 12 Page ID #:98

     ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

     iii. The search team may use forensic examination and searching tools, such as "EnCase," "Griffeye," and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

   c. The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

   d. If the search determines that a digital device and/or image thereof does not contain any data falling within the scope of items to be seized, the government will, as soon as is practicable, return the device and/or delete or destroy all forensic copies thereof.

   e. If the search determines that a digital device and/or image thereof does contain data falling within the scope of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

   f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the scope of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

g. The government may also retain a digital device or image thereof if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

7. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

8. During the execution of this search warrant, law enforcement is permitted to: (1) depress the thumb and/or fingers of any of the occupants of the residence onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of the face(s) of the occupant(s) with their eyes open to activate the

facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device.

9. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.